IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

MEDFORD DIVISION

UNITED STATES OF AMERICA,

Case No. 1:20-cr-00260-AA
**ORDER AND OPINION**

v.

WILLIAM EARL PARDUE,

      Defendant,

AIKEN, District Judge:

      Defendant, William Earl Pardue, has been charged by indictment with one count of Conspiracy to Interfere with Commerce by Robbery in violation of 18 U.S.C. § 1951; one count of Conspiracy to Possess with Intent to Distribute Marijuana in violation of 21 U.S.C. §§ 841(a)(l), 84l(b)(l)(B)(vii), and 846; and one count of Possession of a Firearm in Furtherance of a Drug Trafficking Crime in violation of 18 U.S.C. § 924(c)(l)(A)). Defendant was arrested on July 14, 2020. Doc. 44. After a formal hearing, Magistrate Judge Mark Clarke ordered defendant detained pending

trial. Doc. 36. Defendant then filed the present motion for reconsideration of detention order. Doc. 136. This Court held oral argument on that motion. For the reason's set forth below, the motion is DENIED.

## LEGAL STANDARD

Review of a magistrate judge's release or detention order is de novo. *United States v. Koenig*, 912 F.2d 1190, 1192-93 (9th Cir. 1990).

The Bail Reform Act ("BRA") governs the detention of a defendant pending trial. 18 U.S.C. § 3142. The Act mandates the release of a person pending trial unless the court "finds that no condition or combination of conditions will reasonably assure the appearance of the person as required and the safety of any other person and the community." 18 U.S.C. § 3142(e). Only in rare circumstances should release be denied, and doubts regarding the propriety of release should be resolved in the defendant's favor. *United States v. Gebro*, 948 F.2d 1118, 1121 (9th Cir. 1991) On a motion for pretrial detention, the government bears the burden of showing by a preponderance of the evidence that the defendant poses a flight risk, and by clear and convincing evidence that the defendant poses a danger to the community. Id.

When, as here, there is probable cause to believe that the defendant has committed an offense identified under 18 U.S.C. § 924(c) and 21 U.S.C. §§ 841(a)(1), 84l(b)(l)(B)(vii), and 846 there is a rebuttable presumption that "no condition or combination of conditions will reasonably assure the appearance of the person as required and the safety of the community." 18 U.S.C. § 3142(e)(3). Although the presumption shifts a burden of production to the defendant, the burden of persuasion

remains with the government.  *United States v. Hir*, 517 F.3d 1081, 1086 (9th Cir. 2008)

If a defendant proffers evidence to rebut the presumption in favor detention, a court can then consider four factors in determining whether the pretrial detention standard is met:  (1) the nature and circumstances of the offense charged, including whether the offense is a federal crime of terrorism; (2) the weight of the evidence against the person; (3) the history and characteristics of the person, including the person's character, physical and mental condition, family and community ties, employment, financial resources, past criminal conduct, and history relating to drug or alcohol abuse; and (4) the nature and seriousness of the danger to any person or the community that would be posed by the defendant's release.  18 U.S.C. § 3142(g); *Hir*, 517 F.3d at 1086.

The presumption is not erased when a defendant proffers evidence to rebut it. Instead, the presumption "remains in the case as an evidentiary finding militating against release, to be weighed along with other evidence relevant to factors listed in § 3142(g)." *Id.*; citing *United States v. Dominguez,* 783 F.2d 702, 707 (7th Cir.1986).

Consideration of detention "may be reopened, before or after a determination by the judicial officer, at any time before trial if the judicial officer finds that information exists that was not known to the movant at the time of the hearing and that has a material bearing on the issue whether there are conditions of release that will reasonably assure the appearance of such person as required and the safety of any other person and the community."  18 U.S.C. § 3142(g)

## DISCUSSION

Here, the Court finds that the presumption in favor detention applies in defendant's case.    Defendant has proffered evidence sufficient to rebut the presumption.  Still, the presumption is a factor to be considered by Court as weighing favor of detention.

As in other release decisions in this case, the Court first finds that the nature and circumstances of the offense were highly dangerous and violent in nature. Defendant allegedly conspired to participate in a robbery where he and other crew members would impersonate police officers to rob large quantities of marijuana. There is evidence that defendant's role in the robbery was going to be tying up victims.  There is also evidence before the Court that defendant engaged in similar robberies in the past.  This factor weighs in favor of detention.

Though it is the least important factor to be considered, the Court finds that the weight of the evidence against the defendant also supports detention.

The Court also finds defendant's previous criminal history also supports continued detention.  Defendant has extensive history dated back over thirty years. Indeed, at the time of this alleged offense defendant was on parole in California from a 2015 state court conviction for robbery.

Finally, the Court finds that based on the record before it, the nature and seriousness of the danger to any person or the community that would be posed by defendant's release weighs in favor of detention.  Though defendant does have family and community ties in the Los Angeles Area, his past criminal history including the

present allegations persuade the Court that defendant would pose a danger to the community if released.

Though the Court is aware that some other co-defendants have been granted pretrial release, the Court must examine the evidence supporting detention on an individual basis. Moreover, defendant's arguments regarding the propriety of the government's investigation are not relevant to the issue at hand. The Court must examine whether defendant is suitable for release pursuant to the factors outlined in 18 U.S.C. § 3142(g).

Considering the parties written submissions and oral arguments, the Court finds that the government has met its burden by a preponderance of the evidence that defendant poses a risk of flight, and the government has shown by clear and convincing evidence that defendant presents a danger to the community.

## CONCLUSION

For the reasons set forth above, defendant's motion for reconsideration of detention order is DENIED. Doc. 136.

IT IS SO ORDERED.

Dated this  10th  day of February 2021.


_____/s/Ann Aiken_____
Ann Aiken
United States District Judge